Alan Steven Wolf,   Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
38 Corporate Park
Irvine, CA  92606
TEL (949) 720-9200
FAX (949) 608-0128
alan.wolf@wolffirm.com

Attorneys for Movant
DLJ Mortgage Capital, Inc.

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | CASE:  08-46780JG |
| MANUEL DIAZ-CARABES aka | CHAPTER 13 |
| MAUEL DIAZ-CARABEZ  aka | |
| MANUEL DIAZ | REF: ASW-525 |
| Debtor. | MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND DECLARATION OF JO-ANN GOLDMAN IN SUPPORT THEREON |
| | DATE: 04/03/09 |
| | TIME: 10:00am |
| | CTRM: 215 |
| | U.S. Bankruptcy Court |
| | 1300 Clay Street |
| | Oakland, CA 94604 |

The Motion of DLJ Mortgage Capital, Inc. respectfully shows as follows:

1.  This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334.

2.  On or about November 19, 2008, a petition under Chapter 13 of the Bankruptcy Code was filed by the Debtor.

3.  MARTHA G. BRONITSKY is the Chapter 13 Trustee for this case.

Matter I.D. 6401-5222

4. Movant is, and at all times herein mentioned was a corporation organized and existing under the laws of the United States.

5. Movant is the beneficiary under Deed of Trust by way of an assignment that secures a Promissory Note in the original principal sum of $720,000.00, with the Note all due and payable on March 1, 2037. The Deed of Trust encumbers real property commonly known as:

>    701-707 Pope Drive, Vallejo, CA 94591
>                   ("Property")

and legally described as set forth in the Deed of Trust, which is attached to the Declaration of JO-ANN GOLDMAN.

6. The beneficial interest under the Deed of Trust is currently held by Movant by way of an assignment. <u>See</u> Declaration of JO-ANN GOLDMAN.

7. There was a default under the terms of the Note and Deed of Trust and on June 16, 2008, Movant caused to be recorded a Notice of Default and Election to Sell.

8. On October 14, 2008, Movant caused to be recorded a Notice of Sale.

9. The Property is not Debtor's principal residence.

10. At the time of the filing of this case, the pre-petition arrearages under the Note and Deed of Trust were approximately $61,866.14.

11. Since the time of the filing of the instant case, and as of March 4, 2009, the Debtor has failed to tender 4

of the post-petition payments which have fallen due. Further monthly payments in the amount of $4931.62 will continue to accrue.

12. The total amount due under the Note and Deed of Trust as of March 4, 2009, exclusive of post-petition attorneys fees and costs, was approximately $797,390.16.

13. The Debtor has no reasonable prospect for reorganization and the Property is not necessary for an effective reorganization.

14. Movant does not have, and has not been offered, adequate protection for its interest in the Property and the passage of time will result in irreparable injury to Movant's interest in the Property including, but not limited to, loss of interest and opportunity.

15. For all the reasons set forth herein, there is cause for relief from stay including, but not limited to, lack of adequate protection and the Debtor's failure to make the required Deed of Trust payments.

WHEREFORE, Movant prays for the judgment against Respondents as follows:

(1) That the automatic stay be terminated so that Movant may exercise or cause to be exercised any and all rights under its Note and/or Deed of Trust and any and all rights after the foreclosure sale, including, but not limited to, the right to consummate foreclosure proceedings on the property and the right to proceed in unlawful detainer;

(2) For the waiver of the 10 day stay pursuant to Bankruptcy Rule 4001(a)(3).

(3) For reasonable attorneys' fees and costs;

(4) For costs incurred or expended in suit herein; and

(5) For such other and further relief as the Court deems just and proper.

Dated: March 12, 2009

        /s/ Alan Steven Wolf
ALAN STEVEN WOLF
Attorneys for Movant
DLJ Mortgage Capital, Inc.